PORTLAND FIREFIGHTERS ASSOCIA-
TION, LOCAL 740 INTERNATIONAL
ASSOCIATION OF FIREFIGHTERS,
AFL–CIO

v.

CITY OF PORTLAND and Maine Labor
Relations Board.

Supreme Judicial Court of Maine.

Argued June 8, 1984.

Decided July 10, 1984.

Martin S. Hayden (orally), Brunswick,
for plaintiff.

Drummond Woodsum Plimpton & Mac-
Mahon, P.A. by Harry R. Pringle (orally),
Portland, for defendant.

Eaton, Peabody, Bradford & Veague by
Malcolm E. Morrell, Jr., Clare Hudson
Payne, Bangor, for City of Bangor, amicus
curiae.

Before McKUSICK, C.J., and NICHOLS,
ROBERTS, WATHEN, GLASSMAN and
SCOLNIK, JJ.

WATHEN, Justice.

As the bargaining agent for the fire-
fighters, lieutenants and captains employed
by the Portland Fire Department, plaintiff
appeals from the Superior Court order
(Kennebec County) affirming a decision of
the Maine Labor Relations Board. In the
course of collective bargaining, plaintiff
proposed a minimum manpower require-
ment and now argues that the Board erred
in holding that such a proposal is not a
mandatory subject of collective bargaining.
We conclude that the record supports the
Board's findings, and we deny the appeal.

I.

In April of 1982 negotiations commenced
between plaintiff and defendant to replace
a collective bargaining agreement which
was about to expire. Plaintiff proposed to
add to the bargaining agenda the following
article: "[T]he minimum manpower per
shift will be 52 not including the Deputy
Chief on duty." Defendant responded by
denying any obligation to negotiate mini-
mum manpower requirements but suggest-
ed that the parties proceed to bargain over
plaintiff's remaining proposals. Plaintiff
took the position that its participation in
further negotiations was contingent on de-
fendant's agreement to include the subject

of minimum manning. Plaintiff rephrased the article and proposed setting minimum manpower levels on either a per shift, per station or per truck basis, but defendant still refused to consider the article as a subject of negotiation.

Plaintiff filed the present complaint with the Board alleging that defendant refused to negotiate with respect to a mandatory subject in violation of 26 M.R.S.A. § 964(1)(E) (1974). Defendant filed an answer and counterclaim denying an obligation to bargain over the minimum manning proposal and alleging that plaintiff had violated section 964(2)(B) by refusing to negotiate the other proposals.

After hearing, the Board held that plaintiff's minimum manning proposal is not a mandatory subject of collective bargaining. The Board dismissed plaintiff's complaint and held for defendant on its counterclaim, ordering plaintiff to cease and desist from pursuing negotiation of its minimum manning proposal. Plaintiff appealed the Board's decision to the Superior Court pursuant to 26 M.R.S.A. § 968(5)(F) (Supp. 1983–1984). From the order affirming the Board's decision, plaintiff appeals to this Court.

## II.

The Municipal Public Employees Labor Relations Act requires both the public employer and the employees' bargaining agent to negotiate in good faith with respect to "wages, hours, working conditions and contract grievance arbitration." 26 M.R.S.A. § 965(1)(C). Plaintiff argued before the Board that because understaffing affects both the workload and the safety of firefighters, minimum proposals relate to "working conditions" and thus are a mandatory subject of bargaining. The Board agreed that a proposal which relates to safety or workload may be a mandatory subject of collective bargaining under section 965(1)(C), but found that plaintiff's proposal bears no direct relationship to either factor.

On appeal plaintiff argues that the Board erred in confining its analysis to safety and workload at the scene of a fire. This argument is without merit because the record contains no evidence bearing on safety and workload other than at the scene. The burden was on plaintiff to develop evidence to support its position and it presented no such evidence.

Plaintiff did present evidence to support the proposition that a shortage of firefighters at the scene of a fire could affect the safety of the firefighters present. Each potential safety problem was explained in the context of how many persons are required to perform a certain task, e.g., laying a hose, effecting a rescue with a ladder, effecting a rescue by entering a burning building, ventilating a roof. The Board agreed with plaintiff that "the number of firefighters who perform a particular task ... is directly related to safety and workload" and suggested that a proposal relating to the assignment of a given number of personnel per task might support a finding that the proposal was a mandatory subject of bargaining. The Board found, however, that plaintiff's proposal—requiring a minimum number of firefighters per shift, per station or per truck—was not equivalent to assigning a minimum number of persons to a particular task at the scene of a fire. The evidence presented did not relate safety or workload of firefighters at the scene to either the size of the shift city wide, the number of persons at each station, or the number of persons assigned to each truck. The Board's findings are not clearly erroneous. *Sanford Highway Unit of Local 481 v. Town of Sanford*, 411 A.2d 1010 (Me. 1980).

The Board's factual findings are supported by the record, and we accord "considerable deference" to the Board's construction of the statute. *State v. Maine Labor Relations Board*, 413 A.2d 510, 514 (Me.1980). We find no error.

The entry shall be:

Judgment affirmed.

All concurring.