[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION RE: MOTION TO STRIKE (#101)
This Articulation serves to clarify the granting of the defendant's motion to strike. The defendant filed a motion to strike the third count of the complaint and the complaint's third claim for relief. After the motion to strike was filed, the plaintiffs amended their complaint as a matter of right. Therein, the plaintiffs voluntarily withdrew the third count of their complaint, which purported to allege a cause of action under the Home Improvement Act, General Statutes § 20-418, et seq. Compare Plaintiffs' Complaint (setting forth four counts) with Plaintiffs' Amended Complaint (wherein the plaintiffs withdrew the third count of the complaint, renumbered the fourth count of the complaint as the third count of the amended complaint, and set forth new factual allegations to support the third count of the amended complaint) This voluntary withdrawal rendered moot the pending motion to strike the third count of the original complaint; it did not, however, moot the pending motion to strike the third claim for relief as the plaintiffs continue to seek said relief in their amended complaint. Thus, the court's order CT Page 8013 granting the motion to strike did not apply to the third count of the amended complaint as a review of the procedural history indicates that the defendant did not attack its sufficiency. If the defendant argues that the motion to strike was addressed to the third count of the amended complaint, it is denied because the third count as amended sufficiently alleges a per se violation of CUTPA. See General Statutes § 20-427 (c);Woronecki v. Trappe, 228 Conn. 574, 579, 637 A.2d 783 (1994) (failure to comply with the Home Improvement Act is a per se violation of CUTPA by virtue of § 20-427 (c).
The intent of the court's order granting the motion was to strike the amended complaint's third claim for relief. The motion to strike the third claim of relief was granted because the plaintiffs have not alleged facts sufficient to warrant rescission of the mortgage deed and note. "A condition precedent to the rescission is the offer to restore the other party to its former condition as nearly as possible." Kavarco v. T.J.E.,Inc., 2 Conn. App. 284, 299, 478 A.2d 297 (1984). The allegation that the plaintiffs offered to exchange mutual releases with the defendant if the defendant would agree to rescind the mortgage is now sufficient to meet the condition precedent to rescission.
RICHARD J. TOBIN JUDGE