[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action to recover for the defendants' alleged failure to pay for painting services that the plaintiff performed on the defendants' residence. The first count of the plaintiff's complaint sounds in breach of contract. In the second count, the plaintiff seeks quantum meruit relief.
The defendants' move to strike the plaintiff's entire complaint on the ground that it does not state a claim upon which relief can be granted because the plaintiff fails to allege that he was a registered home improvement contractor pursuant to General Statutes § 20-420a. The plaintiff has not filed a memorandum in opposition.
General Statutes § 20-429 provides in pertinent part that "(a) [n]o home improvement contract shall be valid or enforceable against an owner unless it . . . (8) is entered into by a . . . registered contractor." Because the plaintiff fails to allege that he was registered as a home improvement contractor at the time the work was performed, the plaintiff cannot recover for the home improvement services he allegedly performed on the defendants' home. Woronecki v. Trappe, 228 Conn. 574, 578, 637 A.2d 783
CT Page 656 (1994). The plaintiff's second count is also legally insufficient because there is no implied exception to the Home Improvement Act which allows for recovery in quasi contract. Barrett Builders v.Miller, 215 Conn. 316, 322, 576 A.2d 455 (1990). Only an allegation of unwarranted bad faith repudiation of a contract by the homeowner would allow the plaintiff to recover in quantum meruit. Id., 328. Such an allegation is absent from the plaintiff's complaint.
Accordingly, the court grants the defendants' motion to strike the plaintiff's entire complaint.