[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE FROM JURY LIST ANDMOTION FOR SUMMARY JUDGMENT
The plaintiffs, Michael Baskin and Curtis Pierce have filed a five count complaint against the defendant, Alfred Portnoy, d/b/a Tri-County Roofing Siding, Co. The complaint alleges (1) breach of contract, (2) negligence, (3) violation of the Home Improvement Act (HIA), (4) violation of the Home Solicitation Sales Act (HSSA), and (5) violation of CUTPA. The facts as alleged in the complaint are as follows: The defendant solicited the plaintiffs, at their residence, to perform improvements or renovations on their property, and prepared an agreement listing the work to be performed. The defendant breached the agreement by not performing all of the work, damaging a skylight, and by not performing the work done in a workmanlike manner. The plaintiffs also allege that the agreement does not comply with the HIA and the HSSA, and therefore, constitutes a per se violation of CUTPA. The defendant filed an answer and two special defenses. The first special defense alleges an oral modification of the contract and is directed to all counts. The second special defense is directed towards count three and alleges that the Home Improvement Act does not provide for a direct statutory cause of action.
The defendant claimed the case to a jury, and the plaintiffs have filed a motion to strike counts three, four and five from CT Page 2446 the jury list claiming they are not within the class of cases qualified for a jury under General Statutes § 52-215. The plaintiffs also filed a motion for partial summary judgment on the fifth count of their complaint, and on the defendant's first special defense. With the plaintiffs' supporting memorandum of law, they filed a copy of the defendant's responses to requests for admissions, and a copy of the agreement. The defendant filed a memorandum in opposition to the plaintiffs' motion for summary judgment, together with an affidavit of the defendant, and a copy of the agreement.
"[I]n determining whether a party has a right to a trial by jury under the state constitution and General Statutes §52-215, we must ascertain whether the action being tried . . . has roots in the common law, and if so, whether the remedy involved was one in law or equity. If the action existed at common law and involved a legal remedy, the right to a jury trial exists and the legislature may not curtail that right either directly or indirectly . . . . Consequently, statutory actions established since the adoption of the constitution of 1818 ordinarily fall outside the scope of the provision, unless, perhaps, the new remedy constitutes a modification of existing remedies, so vital as to unduly limit and violate the right of trial by jury." (Citation omitted; internal quotation marks omitted.) AssociatedInvestment Co. Ltd. Partnership v. Williams Associates, 230 Conn. 148,153-54, 645 A.2d 505 (1994).
The plaintiffs argue that HIA, HSSA, and CUTPA are statutorily created causes of action and, therefore, are not within the class of cases qualified for a jury. The defendant contends that there is a question as to whether a CUTPA claim is triable to a jury where, as here, the plaintiffs have also alleged causes of action based on breach of contract and negligence.
The defendant has cited a list of superior court cases which have held that CUTPA claim are properly triable to a jury. The Supreme Court has recently decided, however, that "[b]ecause CUTPA creates an essentially equitable cause of action not substantially similar to common law claims triable to a jury prior to 1818, we conclude that a jury trial is not constitutionally required for actions brought under CUTPA."Associated Investment Co. Ltd. Partnership v. William Associates,
supra, 230 Conn. 155. Additionally, the HIA was first enacted by the legislature in 1979, and the HSSA was first enacted in 1976, CT Page 2447 although it was derived from a statute enacted in 1958. Causes of action under the HIA and HSSA did not exist prior to the 1818 constitution, nor is there any indication that they were enacted to codify any common law cause of action.[1] The plaintiffs' motion to strike counts three, four and five from the jury docket is granted.
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507
(1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Id.
The plaintiffs contend that the defendant's violations of the HIA and the HSSA constitute a per se violation of CUTPA, and therefore, the plaintiffs are entitled to summary judgment as a matter of law on count five. The defendant argues that the plaintiffs are not entitled to summary judgment as to count five as they have not provided any evidence of damages which is necessary to establish liability under CUTPA. The plaintiffs also move for summary judgment on the defendant's first special defense.
"A party seeking to recover damages under CUTPA must meet two threshold requirements. First, he must establish that the conduct at issue constitutes an unfair or deceptive trade practice . . . . Second, he must present evidence providing the court with a basis for a reasonable estimate of the damages suffered." (Citations omitted.) A. Secondino Son, Inc. v.LoRicco, 215 Conn. 336, 343, 576 A.2d 464 (1990). General Statutes § 20-427(b) and General Statutes § 42-141(b) provide that any violations of the HIA and the HSSA are deemed unfair trade practices under General Statutes § 42-110b. See also Woronecki v. Trappe, 228 Conn. 574, 579, 637 A.2d 783
(1994). CT Page 2448
General Statutes § 20-429 requires that a home improvement contract be: (1) in writing; (2) signed by the owner and the contractor; (3) contain the entire agreement; (4) contain the date of the transaction; (5) contain the name and address of the contractor; (6) contain a notice of the owner's cancellation rights; (7) contain starting and completion dates; and, (8) be entered into by a registered salesman or contractor. Furthermore, "[e]ach change in the terms and conditions of a contract shall be in writing and shall be signed by the owner and contractor . . . . General Statutes § 20-429(a)(8). General Statutes § 42-135a provides that a seller in a home solicitation sale must furnish to the buyer a completed notice of cancellation form.
The plaintiffs have provided admissions of the defendant in which the defendant acknowledges that the notice of cancellation was not completed, and that a completion date was not given for the work, each of which are violations of the HIA and HSSA. Moreover, the defendant alleges in his first special defense that the contract was orally modified which is also a violation of the HIA. The defendant has provided no evidence contesting the violations of the HIA and HSSA but has argued that the plaintiffs must show that they have been damaged. The Supreme Court stated in A. Secondino Son, Inc. v. LoRicco, supra, 215 Conn. 343, that in order to recover damages under CUTPA the plaintiffs must provide evidence of damages, however, in the motion under consideration the plaintiffs seek summary judgment as to liability only. If the plaintiffs are unable to produce evidence of damages at a hearing in damages then recovery will be precluded under CUTPA. The requirement to provide evidence of damages in order to recover damages does not negate the legislature's determination that violations of the HIA and HSSA are per se violations of CUTPA.
The plaintiffs have produced evidence showing that the defendant violated requirements of the HIA and HSSA, which is a per se violation of CUTPA. Woronecki v. Trappe, supra,228 Conn. 579. Accordingly, the plaintiffs' motion for summary judgment as to liability on count five is granted.
With respect to the plaintiffs' motion for summary judgment on the defendant's first special defense, the majority of Superior Court decisions concur in the opinion that summary judgment as to a special defense is not provided for under CT Page 2449 Practice Book § 379 and is improper. See SI Development Corp.v. Sapiro, Superior Court, judicial district of New London at New London, Docket No. 526158 (March 14, 1994, Hurley, J.); Gianettiv. National Grange Insurance, 11 Conn. L. Rptr. 234 (March 8, 1994, Freedman, J.); but see Merchants Bank Trust v. Woodlake,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 279992 (January 28, 1994, Moran, J.). For this reason, the plaintiffs' motion for summary judgment as to the defendant's first special defense is denied.
D'ANDREA, J.