[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 10, 1995, the plaintiff, Susan Klein, filed a four-count complaint against the defendants Genaro Hathaway, Steven James, Ltd., and Steven J. Kottage for actions arising from defendants' sales of goods and services to the plaintiff. On January 5, 1996, the defendants filed a motion to strike the second count of the complaint and paragraphs 13 through 16 of the fourth count. The plaintiff filed a memorandum in opposition on January 23, 1996.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems Inc.v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id., 215. Where a "`pleading . . . on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted,' a motion to strike is required." Amorev. Frankel, 228 Conn. 358, 372, 636 A.2d 786 (1994).
A contractor is defined as, "any person who owns and operates a home improvement business or who undertakes, offers to undertake or agrees to perform any home improvement." General Statutes § 20-419(3). Count two alleges, "[c]ommencing in March of 1993 the defendants offered and performed services as well as work in connection with the installation and/or application and sales of goods and materials for improvement(s) to plaintiff's home." (Complaint ¶ 5.) The court alleges that the defendants offered to and undertook improvements to the plaintiff's home and are therefore contractors under the act. CT Page 3220-b
The defendants next argue that the HIA does not create a cause of action permitting a homeowner to recover payments made voluntarily. The plaintiff responds that the count is designed to declare the home improvement agreements invalid and unenforceable, and furthermore, the plaintiff made payments to the defendants for other purposes and applied them to the home improvement agreements. There are no allegations in the complaint that address misapplication of funds, and therefore the agreement cannot be considered. Novametrix Medical Systems, Inc. v. BOCGroup, Inc., supra, 224 Conn. 214-15. The Supreme Court declined to address the question of whether a homeowner can recover payments voluntarily made to a contractor prior to the discovery of the invalidity of the contract. Wadia Enterprises, Inc. v.Hirshfeld, 224 Conn. 240, 250 n. 6, 618 A.2d 506 (1992); BarrettBuilders v. Miller, 215 Conn. 316, 327 n. 5, 576 A.2d 455 (1990). The weight of the case law suggests that HIA may not be used to provide an independent cause of action to recover payments already made. McDonough v. Fanelli, Superior Court of New Haven, Docket No. 308104 (February 4, 1994, Gray, J.,11 Conn. L. Rptr. 31); McLain v. Byers, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 106806 (June 10, 1993, Pellegrino, J., 9 Conn. L. Rptr. 243, 244) ("[The HIA] cannot be used as an offensive weapon. It merely invalidates a contract from being enforced.").
Count two alleges that the defendants offered and performed services and work for home improvement, and the agreement is invalid under the HIA for a number of stated reasons. Paragraph eight of count two states, "[n]otwithstanding the foregoing, the defendants have not returned the monies paid by plaintiff for said improvements." A separate count states a separate cause of action. See Practice Book § 138. The plaintiff has attempted to state a cause of action in HIA to recover monies paid for home improvements, and the courts have not permitted such an action. Accordingly, this count is stricken as a cause of action.
The defendant next argues that paragraphs 13-16 in the count alleging Connecticut Unfair Trade Practices Act, General Statutes § 42-110b should be stricken. Paragraphs 13-16 reallege the paragraphs in count two, violations of the HIA. General Statutes § 20-427(c) provides, in pertinent part, "[a] violation of any of the provisions of this chapter shall be deemed an unfair or deceptive trade practice under subsection (a) of section CT Page 3220-c42-110b." (Internal quotation marks omitted.) Woronecki v.Trappe, 228 Conn. 574, 579, 637 A.2d 783 (1994); McLain v. Byers,
supra (granting summary judgment on counts alleging violations of the HIA and Home Solicitation Sales Act, General Statutes § 42-135a, but denying motion as to CUTPA count based on above statutes). Accordingly, the motion to strike is denied as to the fourth count, but granted as to the second, although paragraphs five through eight remain as part of the fourth count.
KARAZIN, J.
CT Page 3221