[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Seeking to recover for damages allegedly sustained in the course of a home improvement, the plaintiff, Brian R. McClain, brought a six count complaint against the defendants, Gerald R. Byers and Clement Roy. The defendants have filed a motion for summary judgment on the first three counts. Count one alleges five separate violations of General Statutes § 20-429,[1]
which is part of the Home Improvement Act, as well as a violation of General Statutes § 42-135a,[2] which is part of the Home Solicitation Sales Act. Count two alleges a violation of General Statutes §§ 20-420(a)[3] and 20-427(b)(5) in failing to have a current certificate of registration from the Commissioner of Consumer Protection.[4] Count three alleges that the defendants' conduct violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a.
"Pursuant to Practice Book § 384, summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' The party seeking summary judgment `has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law.' . . . The test is whether a party would be entitled to a directed verdict on the same facts." (citation omitted; internal quotation marks omitted)Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105-06,639 A.2d 507 (1994). "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed."United Oil v. Urban Redevelopment Commission, 158 Conn. 364, 380,260 A.2d 596 (1969).
In their memorandum of law, the defendants argue that the court should grant summary judgment because there is no genuine dispute about material facts. This claim is based on their assertion that the plaintiff cannot prevail as the statutes under which the plaintiff has brought this litigation do not create a cause of action. In his memorandum in opposition, the plaintiff argues that summary judgment should not be granted as the statutes do support creating a cause of action.
1. Home Improvement Act
Citing Habetz v. Condon, 224 Conn. 231, 618 A.2d 501 (1994), CT Page 3848 the defendants argue that the sole objective of General Statutes § 20-429 is to render invalid and unenforceable a home improvement contract and to protect the homeowner from unscrupulous contractors. Accordingly, the defendants contend that this statute does not create a cause of action for the plaintiff. The plaintiff replies that our Supreme Court has specifically reserved the question of whether a homeowner can recover payments made to a contractor prior to the discovery of the invalidity of the home improvement contract. WadiaEnterprises, Inc. v. Hirshfield, 224 Conn. 240, 250 n. 6,618 A.2d 506; Barrett Builders v. Miller, 215 Conn. 316, 327 n. 5,576 A.2d 455 (1990). This court concedes that the Supreme Court has seemed to reserve the question footnoted in those cases. That does not however permit this court "to duck" the issue raised herein.
"`[T]he weight of the case law on this type of suit by a homeowner suggests that Conn. Gen. Stat. § 20-429 is a defense and does not provide an independent cause of action for a homeowner against a contractor.' Benedetto v. New Bath, Inc.,2 Conn. L. Rptr. 310, 311, ([August 29], 1990, Ryan, J.)" McDonoughv. Fanelli, 11 Conn. L. Rptr. 31 (February 4, 1994, Gray, J.) The Home Improvement Act "provides a homeowner with a defense. It cannot be used as an offensive weapon. It merely invalidates a contract from being enforced." Thompson v. Brevetti,9 Conn. L. Rptr. 243, 244 (June 10, 1993, Pellegrino, J.) On the other hand, other than the aforementioned reservation by our Supreme Court, the plaintiff cites no court decisions supporting his contention that this act supplies a form of action such as that sought by the plaintiff homeowner against the defendant contractor.
2. Home Solicitation Sales Act
(a) Any person who violates any provision of this chapter shall be fined not more than five hundred dollars or imprisoned not more than ninety days or both. Any sale made in respect to which a commission, rebate or discount is offered in violation of the provisions of this chapter shall be voidable at the option of the buyer.
(b) Violation of any of the provisions of sections 42-135a, or 42-137 to 42-139, inclusive, or failure to honor any provisions of the notice of cancellation required by this chapter shall constitute an unfair or deceptive act or practice as defined by section 42-110b. CT Page 3849
General Statutes § 42-141
"Because [the Home Solicitation Sales Act] provisions are similar to the [Home Improvement Act] provisions, the [Home Solicitation Sales Act] does not establish an independent cause of action." Rephan v. Clohessy Building Co., Inc.,3 Conn. L. Rptr. 428, 429 (April 2, 1991, McKeever, J.) (granting a motion to strike a cause of action based on the Home Solicitation Sales Act because that count is incorporated into another count alleging CUTPA violations.)
It is the court's opinion that neither the Home Improvement Act nor the Home Solicitation Sales Act give rise to a cause of action by the plaintiff against the defendant. The effect of these statutes is to render invalid and unenforceable certain home improvement contracts. They are defenses and do not provide an independent cause of action for a homeowner against a contractor. Our Supreme Court may have felt the same way when it invited the legislature's intervention, "the legislature may want to distinguish between a homeowner's invocation of the statute as a defense to an action by a contractor and a homeowners affirmative reliance on the statute to recover a down payment or progress payments that represent work performed in good faith by a contractor." Barrett Builders v. Miller, 215 Conn. 316, 329. Even in its reservation of this "thorny" issue, the Supreme Court said: "Arguably, a homeowner who has made such progress payments has impliedly consented to the work performed. The issue raised by a suit to recover partial payments differs substantially from that raised by refusal to pay sums alleged to be due on an invalid contract." Barrett p. 327 n. 5; Wadia, p. 251 n. 6. The plaintiff homeowner has other remedies, including but not limited to, CUTPA and breach of contract. The motion for summary judgment is therefore granted on the first and second count.
3. Connecticut Unfair Trade Practices Act (CUTPA)
The defendants do not cite any authority for why the plaintiff cannot recover under CUTPA for the alleged violations of the Home Improvement Act and the Home Solicitation Sales Act.
"Violation of any of the provisions of sections 42-135a . . . shall constitute an unfair or deceptive act or practice as defined by section 42-110b." General Statutes § 42-141. "A violation of any of the provisions of this chapter [the Home Improvement Act] shall be deemed an unfair or deceptive trade CT Page 3850 practice under subsection (a) of section 42-110b." General Statutes § 20-427(c). "[T]he failure to comply with the Home Improvement Act is a per se violation of CUTPA by virtue of General Statutes § 20-427(b)." (Internal quotation marks omitted.) Woronecki v. Trappe, 228 Conn. 574, 579, 637 A.2d 783
(1994).
The court therefore denies the defendants' motion for summary judgment on the third count.
HAUSER, J.