[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION RE: MOTIONS TO VACATE/RECONSIDER
TDS Painting Restoration, Inc. (TDS), the plaintiff in the first of the above captioned cases, Copper Beach Farm, Inc. (Copper Beach), the defendant and counterclaimant in that case, and John M. Rudey, the plaintiff in the second captioned case, have all moved that this court "vacate and/or reconsider" or "modify" its memorandum of decision dated March 4, 1996, in which judgment entered for Copper Beach, the defendant in the first case, and for the defendant, TDS, in the second case. The basis for TDS' motion appears to be, first, that the decision was premature, and, second, that it was based on an "incomplete and one-sided record." As to the first reason, TDS argues that at the time the decision was rendered, the attorney trial referee still had under advisement the matters of attorney's fees and costs. In the court's view of the case, attorney's fees and costs were not CT Page 3453 awarded in the final judgment in any event, and, accordingly, the whole issue of such fees is irrelevant.
More importantly, however, both cases appeared on the short calendar of December 4, 1995, for judgment on report. This calendar notes that such a motion cannot be continued or marked "off" as it is the court's own motion, and is not affected by any agreement that the parties might have. The parties did sign a stipulation that in effect the trials of the two consolidated cases would be bifurcated and that the attorney trial referee would rule on the matter of legal fees and costs on a subsequent occasion. In his original report the referee noted that: "[T]he parties stipulated that the issue of attorney's fees will be at a separate post-trial hearing following this decision." The referee did hold a hearing on TDS' application for $120,000 legal fees and $20,000 in costs, and after noting that: "[T]his case has been bitterly contested from the outset. As of the date of the April [1995] hearing there were 148 docket entries in the principal action," he went on to recommend an award of $84,000 for TDS' counsel. In any event, there is nothing in that agreement between the parties that purports to bind the court in terms of ruling on the liability and damage phase of the case, which is what occurred after the matter appeared on the short calendar for judgment on report as noted previously. In short, the decision entering judgment against the plaintiff on its complaint was not premature in any respect.
There is a certain irony to TDS' second contention that the record was "incomplete and one-sided" as there are seven (7) separate files for these two consolidated cases, which involve a claim by a painter for $50,000. The file is hardly incomplete and, in addition, includes a voluminous transcript of the evidence taken by the referee, which was carefully reviewed before the memorandum of decision was issued. The claim that the record is "one-sided" apparently refers to the plaintiff's contention that it did not have the opportunity to adequately brief the issue involving the "commercial exception" to the Home Improvement Act (HIA), found in General Statutes § 20-419(4). This, however, is not the case because the plaintiff TDS briefed this subject on several occasions, and the issue was fully analyzed.[1]
Moreover, TDS could have readily filed memoranda in opposition to the motions to correct, the exceptions and the objections filed by its adversaries, but did not do so. CT Page 3454 Additionally, TDS apparently seeks to assert new facts at this stage of the proceedings (see its memorandum dated March 22, 1996), but this is not permitted in the absence of a motion to correct and exceptions, which the plaintiff did not assert in these cases.
In conclusion, this case involves a relatively straight forward issue. The referee concluded that the house that TDS painted was commercial in nature, and the court, based on the facts found by the referee, concluded that said structure was a residential rental property, and hence the HIA was applicable. This issue was thoroughly briefed by both parties and reviewed in detail by the court. For these reasons, the plaintiff TDS' motion to vacate and/or reconsider is denied.
The defendants, Copper Beach and Rudey, in their motion to "modify" claim that the court "overlooked" the issue of damages arising from the violation of the HIA by TDS, and the resulting per se violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA) in accordance with General Statutes § 20-427(c). As pointed out in Woronecki v.Trappe, 228 Conn. 574, 579, 637 A.2d 783 (1994), "[b]ecause the trial court found that the plaintiff's actions had violated the HIA, it was thus bound to render judgment for the defendant with respect to the CUTPA count of her complaint." Therefore, the judgment entered on March 4, 1996, must be and hereby is modified in favor of Copper Beach on the counterclaim and Rudey on the second of the above captioned cases. However, monetary damages were not awarded to these parties in the original decision because the court was of the opinion that Copper Beach and Rudey did not sustain any damages by virtue of the violations of the HIA and CUTPA. This conclusion, however, should have been spelled out and the motion to modify provides that opportunity.
Prishwalko v. Bob Thomas Ford, Inc., 33 Conn. App. 575, 586,636 A.2d 1383 (1994), discusses General Statutes § 42-110g(a), which provides that a person who "suffers any ascertainable loss of money or property . . . as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action . . . to recover actual damages." The Appellate Court stated that this referred to a plaintiff producing evidence "fairly suggesting that, as a result of an unfair or deceptive trade practice, they received something different from that for which they had bargained." (Citation omitted.) Id. CT Page 3455
In this case, it is clear that Copper Beach and Rudey bargained for and received painting of a certain structure, which was exactly what they were seeking. There is no indication in the record that they entered into this contract with TDS because latter engaged in any deceptive practice or act. Moreover, the referee found as a fact that TDS satisfactorily performed the painting services it had contracted to perform. Thus, the claimants here not only did not suffer any actual damages, they received a windfall as the referee found that they had received approximately $155,000 of painting services, for which only $98,000 was actually paid because TDS had violated the HIA.
Accordingly, the motions (#197 and #136, respectively) by the defendants Copper Beach and Rudey to modify the decision and judgment for the plaintiff TDS are denied in so far as they seek CUTPA damages, including attorney's fees, but are granted in the sense that judgment is modified to enter judgment in their favor as required by Woronecki v. Trappe, supra, 228 Conn. 579.
So Ordered.
Dated at Stamford, Connecticut, this 12th day of April, 1996.
William B. Lewis, Judge