[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Marco Ferri d/b/a Marc Woodworks (Ferri), brought this action against the defendants, Eric and Sarah Smith, to recover amounts allegedly due for materials and services rendered by Ferri in connection with constructing and installing custom cabinets and other items in the defendants' newly built residence. Ferri sought to foreclose a mechanic's lien against the defendants' property but has withdrawn this count of the complaint. The remaining count of the complaint, count two, sounds in unjust enrichment.
The defendants filed an answer, special defenses and a counterclaim. The defendants allege a CUTPA violation in count two of their counterclaim and a violation of General Statutes § 49-51 in count three. The defendants filed a motion for summary judgment as to count two of the plaintiff's complaint and as to liability only on counts two and three of their counterclaim. Pursuant to Practice Book § 380, now Practice Book (1998 Rev.) § 17-45, the defendants have filed an affidavit and other documentary evidence in support of their motion. Ferri has filed an objection to the motion for summary judgment. CT Page 8250
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Maffucci v. Royal ParkLtd. Partnership, 243 Conn. 552, 554, 707 A.2d 15 (1998).
The parties do not dispute the following facts: The defendants entered into an agreement with Ferri to construct and install custom cabinets and other items for various rooms in their new residence being constructed in Weston, Connecticut. The description of the work to be performed and the cost were written on acknowledgment forms with the heading "Marc Woodworks." None of the acknowledgment forms contain any of the parties' signatures start or completion dates, or a notice of cancellation.
 COUNT TWO OF THE COMPLAINT:
The defendants contend that Ferri cannot recover under the theory of unjust enrichment because he performed home improvements without a valid home improvement contract, in violation of the Connecticut Home Improvement Act (HIA), General Statutes §20-418 et seq. They argue that the work Ferri performed constituted "home improvements" under General Statutes § 20-419 (4). They further argue that their contract with Ferri violated the requirements of General Statutes § 20-429 and therefore, is unenforceable.
Ferri argues that the Home Improvement Act does not apply to the parties' contract because the work was done in connection with a new home, which is specifically exempted under General Statutes § 20-419.
General Statutes § 20-419(4) provides in part: "`Home improvement' includes, but is not limited to . . . the construction, replacement, installation or improvement of . . . swimming pools . . . flooring . . . doors and windows . . . in connection with such land or building or that portion thereof which is used or designed to be used as a private residence . . . in which the total cash price for all work agreed upon between the contractor and owner exceeds two hundred CT Page 8251 dollars. `Home improvement' does not include: (A) The construction of a new home. . . ."
This court is unpersuaded by Ferri's argument. In Rizzo PoolCo. v. Del Grosso, 232 Conn. 666, 657 A.2d 1087 (1995), the Supreme Court held that the HIA applied to a contract for the installation of a pool at the site of the defendant homeowners' newly constructed residence. The court found that the pool installation was not a part of the new home construction. RizzoPool Co. v. Del Grosso, supra, 232 Conn. 677. The court noted that the pool installation contract was separate and distinct from the home construction and involved unrelated contractors; the pool contract did not mention the new home construction and performance was not required at a certain stage of home construction or prior to its completion. Id. Based on these findings, the court concluded that "the record does not support the conclusion that the swimming pool installation and the new home construction were so interrelated, temporally or otherwise, that the installation of the pool constituted an integral part of [t]he construction of a new home' under 20-419
(4)(A)." Id., 678. The court noted in footnote 19 that a different conclusion might be required if the pool was to have been installed by the general contractor or a subcontractor hired by the general contractor under the new home construction contract.
Ferri tries to distinguish Rizzo by arguing that in that case, the court found that the pool installation was not an integral part of the construction of the home, while here, the services and materials provided were an integral part of the new home construction. Ferri argues that the cabinetry provided is necessary for the "customary usage" of the rooms and that the work was done contemporaneously with the new home construction.
In the present case, the contract between the parties, as evidenced by the acknowledgment forms, does not reference the new home construction or specify performance at a certain stage of the home construction. The contract is separate and distinct from the home construction contract and Ferri is unrelated to the home construction contractor.[1] This court, therefore, finds this case analogous to Rizzo.
While Ferri suggests that cabinetry, unlike a swimming pool, is a necessary feature for the customary usage of a new home, this court finds that the reasoning in Rizzo still applies. The significant factor is not the nature of the improvement or its necessity for the customary usage of the new home, but rather the relationship of the improvement to the construction of the new home in terms of timing specifications, performance contingencies, and identity of contractors. It follows CT Page 8252 logically from the decision in Rizzo that flooring, doors or windows, which were installed in a new residence would not automatically be excluded from the HIA as new home construction even though they, like cabinets, are necessary for the customary usage of the new home. Instead, under Rizzo, the analysis would focus on the factors mentioned above.
While cabinets, unlike pools, doors and windows, are not specifically listed in General Statutes § 20-419 (4), the list is not exclusive. This court finds that the work performed in this case constitutes a home improvement under the reasoning in Rizzo.
In Rizzo, the Supreme Court found further support for its conclusion that the HIA applied to the parties contract, in General Statutes §47-116 et seq., "New Home Warranties." Rizzo Pool Co. v. Del Grosso,supra, 232 Conn. 679. These statutory provisions protect purchasers of new single family homes by creating certain warranties. The Rizzo court reasoned that since the pool was not a fixture or structure "made a part [of the single family dwelling unit] at the time of construction" by the general contractor or a subcontractor, the defendant homeowners would not have received the protection of the "New Home Warranties." Id. The court, noting the broad statutory safeguards enacted to protect homeowners, declined to deprive the defendant homeowners of HIA protection as well, and found that the HIA applied to the pool installation contract.Id., 680.
Similarly, in the present case, the cabinetry and other items were not made a part of the home at the time of construction by the general contractor or subcontractor. The plaintiff is a separate contractor. The defendants should not be deprived of protection simply because they had custom cabinetry work done at their new home. Accordingly, this court finds that the HIA applies to the contract between Ferri and the defendants.
It is undisputed that Ferri is not a registered home improvement contractor. Additionally, both parties submitted copies of the contract. The contract is not signed by the homeowner and contractor, does not contain notice of the homeowners' cancellation rights, and does not contain a starting date and completion date. The contract is unenforceable against the defendants pursuant to General Statutes § 20-429. The HIA bars recovery by a home improvement contractor under the theory of unjust enrichment when the home improvement contract violates the HIA. BarrettBuilders v. Miller, 215 Conn. 316, 576 A.2d 455 (1990).
For the foregoing reasons, the defendants' motion for summary judgment as to count two of the plaintiff's complaint is granted.
CT Page 8253
 COUNT TWO OF THE COUNTERCLAIM:
Failure to comply with the HIA is a per se violation of CUTPA.Woronecki v. Trappe, 228 Conn. 574, 579, 637 A.2d 783 (1994); A. Secondino Son, Inc. v. LoRicco, 215 Conn. 336, 343, 576 A.2d 464 (1990). The defendants' motion for summary judgment on the issue of liability only on count two of their counterclaim is granted.
 COUNT THREE OF THE COUNTERCLAIM:
General Statutes § 49-51 provides that any person having an interest in real property which is the subject of an invalid lien may make a written request to the lienor to discharge the lien. If the lien is not released within thirty days of the request, that person may seek its discharge in the Superior Court. The court can determine the validity of the lien and may award damages for the defendant's failure to release the lien after the request. Damages are discretionary and the court must first determine that the lien is invalid and that the lienor acted without just cause.
In the present case, the lien was not released within thirty days of the written request. The lien was eventually released on October 27, 1997. There is an issue regarding whether the lien was filed within ninety days after Ferri ceased working as required by General Statutes § 49-34. This court has already found that Ferri violated the HIA. Even if the lien is invalid, however, it does not automatically mean that the lienor acted without just cause. See Huckabee Plumbing v. Falco, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 279913, 4 CONN. L. RPTR. 5 (April 9, 1991, Thim, J.). This court is not prepared to find upon the facts as presented in the posture of this summary judgment motion, that Ferri acted without just cause. The defendants' motion for summary judgment as to count three of their counterclaim is denied.
RODRIGUEZ, J.