[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Catarina Kavanaugh, filed a second amended complaint in this action in which she alleges in the first count that in April of 2000 she entered into a written contract with the defendants, John Hilliard d/b/a Town Street Cabinets, and Townsend Street Cabinets, Inc., to renovate the living room of her residence in Greenwich for $104,220. The renovations were to include "shop drawings, fabrication, shop finishing, delivery, installation and touch-ups." The "payment/fabrication" schedule was to be eight weeks from the plaintiffs approval of the shop drawings with payments of 30 percent on acceptance, 30 percent on delivery and 10 percent on completion.[1] The plaintiff alleges that although she paid the defendants $93,798 pursuant to this agreement, the defendants breached the contract by failing to perform under the terms and conditions of the contract, the delivery remains incomplete and the defendants have not performed any work on the site since April 9, 2001. Count two involves unjust enrichment.
Counts three and four of the plaintiffs second amended complaint allege that the defendants violated General Statutes § 20-418 et seq., the Home Improvement Act. (HIA). In count five, the plaintiff alleges that the defendants' conduct violated General Statutes § 42-110, the Connecticut Unfair Trade Practices Act (CUTPA). The plaintiff claims a full refund of all money she advanced to the defendants under the contract and "all other statutory remedies."
The defendants have filed motion #115 to strike counts three, four and five as authorized by Practice Book § 10-39(a), which provides in pertinent part that: "Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . the party may do so by filing a motion to strike the contested pleading or part thereof." "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v.CT Page 14342Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998).
"[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,383 n. 2, 650 A.2d 153 (1994); see also Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997).
The plaintiff alleges in count three that the defendants violated General Statutes § 20-420a of the HIA because they did not have a certificate of registration as home improvement contractors, although they held themselves out as home improvement contractors. In count four, the plaintiff alleges that the defendants violated General Statutes § 20-429 of the HIA because the agreement between the parties did not include a notice of cancellation rights, changes to the terms and condition of the agreement were not put in writing and required provisions of a home improvement contract were not included in the agreement.
Although the current appellate case law concerns the use of the defense of noncompliance with the HIA in suits for damages brought by contractors, see, e.g., Rizzo Pool Co. v. Del Grosso, 232 Conn. 666,657 A.2d 1087 (1995), the Supreme Court and the Appellate Court have not yet answered the specific question of whether HIA gives rise to an independent cause of action. In 1990, the Supreme Court, in dicta, addressed the possibility that HIA could be employed as a "sword rather than as a shield." Barrett Builders v. Miller, 215 Conn. 316, 328,576 A.2d 455 (1990). The court invited "the legislature . . . to distinguish. between a homeowner's invocation of the statute as a defense to an action by a contractor and a homeowner's affirmative reliance on the statute to recover a down payment or progress payments that represent work performed in good faith by a contractor." Id., 328. The court declined, however, to "supply these forms of recovery absent authorization from the legislature." Id., 329.
Different Superior Courts, however, have squarely addressed this issue and have "uniformly determined that General Statutes § 20-429 is a defense and cannot be used as an independent cause of action" for a home owner against a contractor. Bossier v. Oliver, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 98062305 (December CT Page 14343 17, 1998, Flynn, J.) (23 Conn.L.Rptr. 406). Another court, for example, has stated: "It is the court's opinion that neither the Home Improvement Act nor the Home Solicitation Sales Act give rise to a cause of action by the plaintiff against the defendant. . . . They are defenses and do not provide an independent cause of action for a homeowner against a contractor." McClain v. Byers, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 301761 (April 12, 1995, Hauser, J.) (1 Conn.Ops. 562). Other judges have agreed: "[The Home Improvement Act] provides a homeowner with a defense. It cannot be used as an offensive weapon. It merely invalidates a contract from being enforced." Thompsonv. Brevetti, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 106806 (June 10, 1993, Pellegrino, J.) (9 Conn.L.Rptr. 243, 244). "Generally, Connecticut General Statutes §20-429 does not create an independent cause of action." Rephan v.Clohessy Building Company, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 295925 (April 2, 1991, McKeever, J.) (6 C.S.C.R. 425). Accordingly, the defendants' motion to strike counts three and four is granted.
Count five alleges that the defendants engaged in conduct that violates the HIA and that a "[v]iolation of the Home Improvement Act is a prohibited trade practice." General Statutes § 20-427 (c) provides in relevant part that "[a] violation of any of the provisions of [The Home Improvement Act] shall be deemed an unfair or deceptive trade practice under subsection (a) of section 42-110b." The Supreme Court has concluded that "the failure to comply with the HIA is a per se violation of CUTPA by virtue of General Statutes § 20-427 (b), which provides that any violation of the Home Improvement Act is deemed to be an unfair or deceptive trade practice." (Internal quotation marks omitted.) Woroneckiv. Trappe, 228 Conn. 574, 579, 637 A.2d 783 (1994).
In view of the decision on the motion to strike the allegations regarding the HIA, it follows that the motion to strike count five CT Page 14344 involving the CUTPA claim is also granted. Without the requisite HIA violations claimed in counts three and four, a cause of action based on CUTPA is no longer operative.
So Ordered.
Dated at Stamford, Connecticut, this 1st day of November, 2002.
 ___________________ William B. Lewis, Judge (T.R.)