[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case arises out of a dispute between a homeowner/plaintiffs and a home improvement contractor/defendant. The plaintiffs brought a complaint against the defendant containing several counts. The allegations in the complaint center around several claims: breach of contract, negligence, conversion of personal items from the plaintiffs' property, fraud, a violation of the Home Improvement Act and a violation of CUTPA.
The defendant claimed through special defenses that the plaintiff breached the construction contract and that he was further entitled to a setoff.
It was agreed that a jury would decide all of the counts of the complaint and special defenses with the exception of the court determination as to the CUTPA violation and whether or not the plaintiffs were entitled to punitive damages and attorney's fees.
At the conclusion of the trial, the jury found that the defendant/contractor had breached the contract and awarded $20,000 in damages. They found that the defendant did not convert the plaintiffs' personal property nor that the defendant was negligent.
With respect to the special defenses, the jury found that the plaintiffs had not breached the contract and that the defendant was not entitled to a setoff.
The question now remaining, to be determined by this court, is whether or not the defendant violated the Connecticut Unfair Trade Practices Act.
The primary basis upon which the plaintiffs claim a violation of CUTPA is that the contract between the plaintiffs and defendant violated the Home Improvement Act by excluding, within the contract, the provision for CT Page 1212 the right of the homeowner to cancel within three days. It should be noted that the question of canceling the contract was not an issue in the case and, in fact, there was evidence that the plaintiffs were somewhat aware of their rights, having canceled a construction contract several days before the one in question.
"Section 42-110b (a) provides that [n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the `cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other business persons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets on e of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Hartford Electric Supply Co.v. Allen-Bradley Co., 250 Conn. 334, 367-68, 736 A.2d 824 (1999).
"A simple breach of contract, even if intentional, does not amount to a violation of the Act; a [claimant] must show substantial aggravating circumstances attending the breach to recover under [CUTPA]." (Internal quotation marks omitted.) Emlee Equipment Leasing v. WaterburyTransmission, 41 Conn. Sup. 575, 580, 595 A.2d 951 (1991), quotingBartolomeo v. S.B. Thomas, Inc., 889 F.2d 530, 535 (4th Cir. 1989).
"A number of Superior Court cases have held . . . that the Home Improvement Act does not provide an independent cause of action to a homeowner seeking recovery from a contractor but rather provides the homeowner with a defense. The weight of case law in this type of suit by a homeowner suggests that C.G.S. § 20-429 (Home Improvement Act) is a defense and does not provide an independent cause of action for a homeowner against a contractor. (Internal citations and quotation marks omitted.) Liguori v. GVA, Inc., CV 0446483S (September 19, 2001,Zoarski, J.T.R.)
While there have been several lower court decisions holding that a violation of the Home Improvement Act may not be used as an affirmative cause of action, the Supreme Court has been somewhat unequivocal. "In ASecondino Son, Inc., we concluded that the failure to comply with HIA CT Page 1213 "is a per se violation of CUTPA' by virtue of C.G.S. § 20-427 (b) which provides that any violation of the Home Improvement Act is deemed to be unfair deceptive trade practice." Warinecky v. Trappe,228 Conn. 574, 637 A.2d 783 (1994).
On the bases of the Supreme Court's mandate, this court does find that the defendant violated the Connecticut Unfair Trade Practices Act.
The next question is whether or not the plaintiffs are entitled to punitive damage and an award for attorney's fees.
"Awarding punitive damages and attorney's fees under CUTPA is discretionary . . . punitive damages are awarded when the evidence shows a reckless indifference to the rights of others or for an intentional and wantoned violation of those rights . . . the flavor of the basic requirements to justify an award of punitive damages is described in terms of wantoned and malicious injury, evil motive and violence" (citations omitted; internal quotation marks omitted.)" Nielsen v.Wasnewski, 32 Conn. App. 133, 138, 628 A.2d 25 (1993). In balancing the equities of this case, this court finds that an award of punitive damages and attorney's fees is not justified. Although the defendant breached the contract, this court finds that his actions were not egregious nor outrageous nor the result of reckless or wantoned disregard of the plaintiffs' rights. Accordingly, the court in exercising its discretion, declines to award punitive damages and attorney's fees to the plaintiffs.
___________________ Gilardi, J CT Page 1214