## STATE OF CONNECTICUT *v.* ROGER POIRIER
### (7678)

O'CONNELL, NORCOTT and FOTI, Js.

Argued May 19—decision released July 4, 1989

*Glenn E. Knierim, Jr.,* for the appellant (defendant).

*Carl J. Schuman,* assistant attorney general and special assistant state's attorney, with whom were *Joseph*

1

*Rubin,* assistant attorney general and special assistant state's attorney, and, on the brief, *Clarine Nardi Riddle,* acting attorney general, and *John Kelly,* chief state's attorney, for the appellee (state).

FOTI, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of offering to make home improvements without being registered in violation of General Statutes (Rev. to 1987) § 20-427 (b) (5). The dispositive issue on appeal is whether General Statutes (Rev. to 1987) § 20-427 (b) (5) prohibits a person, whose certificate of registration has expired, from making or offering to make home improvements. We find that it does.

The jury could reasonably have found the following facts. In July, 1980, the defendant registered as a home improvement contractor with the department of consumer protection and was issued a certificate of registration. Each year thereafter, until 1985, the defendant renewed his certificate. After 1985, the defendant did not renew his certificate of registration. On May 28, 1987, the defendant offered to make renovations at the home of a West Hartford resident.

General Statutes (Rev. to 1987) § 20-427 (b) provides in pertinent part: "No person shall . . . (5) offer to make or make any home improvement without having *first obtained* a certificate of registration under this chapter . . . ." (Emphasis added.) The defendant maintains that the phrase "first obtained" limits the applicability of this section in that it only proscribes the offering to make or making by those who never applied for and received a certificate and does not apply to a contractor who, at some time in the past, possessed a valid certificate. Under the defendant's interpretation of this section, therefore, the fact that a certificate of registration expired, was revoked or denied is of no import. We find that the defendant's interpreta-

tion of this section is untenable and undermines the statute's purpose to regulate home improvement contractors.

In interpreting a statute, some general principles control. Where two interpretations of a statute are possible and "one alternative proves unreasonable or produces the possibility of bizarre results, then the more reasonable alternative should be adopted." *State* v. *Parmalee,* 197 Conn. 158, 165, 496 A.2d 186 (1985). Although as a general rule penal statutes must be construed strictly, "they are not to be construed so as to disregard the context in which they exist or to frustrate the obvious intent of the legislature. *State* v. *Roque,* 190 Conn. 143, 151, 460 A.2d 26 (1983)." *State* v. *Kozlowski,* 199 Conn. 667, 678, 509 A.2d 20 (1986). In reviewing statutes, we may look to the legislative history of the act to determine its scope and purpose, and in doing so we must consider the " 'problem in society to which the legislature addressed itself.' 2A J. Sutherland, Statutory Construction (14th Ed. Sands) § 45.02; see *State* v. *Gaines,* 196 Conn. 395, 400, 493 A.2d 209 (1985)." *O'Donnell* v. *Rindfleisch,* 13 Conn. App. 194, 202, 535 A.2d 824, cert. denied, 207 Conn. 805, 540 A.2d 373 (1988).

"Statutes should be considered as a whole, reconciling their separate parts so that a reasonable overall interpretation is achieved. *Dukes* v. *Durante,* 192 Conn. 207, 214, 471 A.2d 1368 (1984)." *Shelby Mutual Ins. Co.* v. *Della Ghelfa,* 3 Conn. App. 432, 438, 489 A.2d 398 (1985), aff'd, 200 Conn. 630, 513 A.2d 52 (1986). In reviewing the overall statutory scheme of the Home Improvement Act, it is evident that annual renewal of a certificate is required. The section of the act under which the defendant is charged prohibits "offer[ing] to make or mak[ing] any home improvement without having first obtained a *certificate* of registration *under this chapter.*" (Emphasis added.) General Statutes (Rev. to

1987) § 20-427 (b) (5). "Certificate" is defined as that which is "issued under section 20-422." General Statutes § 20-419 (1). General Statutes § 20-422 (2) provides that the commissioner may "revoke or refuse to renew" any certificate issued under this chapter. In addition, General Statutes § 20-427 (d) expressly states that certificates expire annually and provides the procedure by which certificates must be renewed. Accordingly, we conclude that under the overall statutory scheme of the act, the language "first obtained a certificate of registration under this chapter" contemplates the renewal of certificates on an annual basis as well as first time renewal.

Furthermore, the primary purpose of the act is to protect consumers who contract for home improvement work by issuing certificates of registration to contractors with "no past history of fraud or deceit, and thereby protect[ing] consumers from any unscrupulous businessmen." *O'Donnell* v. *Rindfleisch,* supra, 203. This statute also protects contractors, by regulating " 'the influx of irresponsible and fly-by-night operations, which not only undercut the responsible contractor but also contribute to the industry's negative image with the public.' 22 H.R. Proc., Pt. 33, 1979 Sess., pp. 11, 613–14, remarks of Representative William P. Candelori." Id. To interpret § 20-427 (b) (5), as the defendant posits, to apply only to those contractors who never acquired a certificate of registration, would immunize contractors with expired or revoked licenses from prosecution when they "offer to make or make" home improvements. This result would defeat the clear legislative purpose of the act to protect consumers and certified contractors from unscrupulous contractors.

Finally, we interpret Public Acts 1988, No. 88-269, which amended § 20-427 (b) (5) by replacing the phrase "first obtained" with the word "current," as a clarifying amendment intended to declare the meaning of the

original act. *Shelton* v. *Commissioner,* 193 Conn. 506, 514, 479 A.2d 208 (1984); see also *State* v. *Smith,* 16 Conn. App. 156, 163 n.6, 547 A.2d 69 (1988).

Accordingly, we hold that General Statutes § 20-427 (b) (5) makes it unlawful for a home improvement contractor whose certificate of registration has expired to offer to make or make home improvements.

There is no error.

In this opinion the other judges concurred.