[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Frank Pires (Pires), brought this action to foreclose a mechanic's lien on certain real property owned by the defendants, Stanley and Ellen Kovak (the Kovaks). Pires obtained the mechanic's lien to secure money that he alleges the Kovaks owe him for services and materials rendered in connection with renovations and additions to their residence in Wilton pursuant to a written agreement. The parties do not dispute that they entered into a written agreement on May 25, 1996, and that Pires began to furnish materials and render services on June 4, 1996. There is no dispute that this agreement constituted a home improvement contract as that term is defined in General Statutes § 20-419.
The defendants filed an answer, special defenses and counterclaims. In their fifth special defense, the defendants allege that Pires is barred from foreclosing the mechanic's lien because he violated the Connecticut Home Improvement Act (HIA), General Statutes § 20-418 et seq. The defendants allege that Pires violated the HIA, by not being a registered home improvement contractor as required by General Statutes §20-429 (a)(8), and by failing to notify the defendants of their cancellation rights as required by § 20-429 (a)(6). In the third count of their counterclaim, the defendants allege a CUTPA violation based on Pires' violation of the HIA.
The defendants filed a motion for summary judgment on the plaintiff's complaint and as to the issue of liability only on the third count of their counterclaim. Pursuant to Practice Book § 380, now Practice Book (1998 Rev.) § 17-45, the defendants have submitted an affidavit and other documentary evidence in support of their motion. Pires filed an objection to the defendants' motion.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In CT Page 7764 deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554, 707 A.2d 15 (1998).
In support of their motion, the defendants have submitted notarized letters from the Department of Consumer Protection which indicate that there is no record, past or present, of an individual home improvement contractor registration under the name Frank Pires, and no corporate registration under Pires Construction, Inc. There is a record of an individual home improvement contractor registration (#545326) issued to Alfred F. Pires d/b/a Pires Construction of 12 Manomi Rd., New Canaan, Connecticut. This registration became effective on 4/1/94, expired on 12/1/95, and was reinstated effective 8/27/96.
Pires has submitted his affidavit in opposition to the defendants' motion. Pires acknowledges that he is Alfred F. Pires, but is commonly known as Frank Pires. He also acknowledges that his registration (#545326) was valid only through 12/1/95. Pires asserts that he forwarded his request for continued registration along with the required fee to the Department of Consumer Protection, on or about December 20, 1995. He claims that he was notified in July, 1996, by the Department of Consumer Affairs that they could not find his registration fee. He claims that he forwarded the fee immediately. In September, he sent a late fee which had been subsequently requested. Pires asserts that he was never told that his license was expired or that it was not continually effective from December 1, 1995. Pires argues that he was the victim of an administrative snafu which does not rise to a violation of the HIA.
General Statutes § 20-429 (a) provides in relevant part: "No home improvement contract shall be valid or enforceable against an owner unless it . . . (8) is entered into by a registered salesman or registered contractor. . . . " The requirements of the HIA are mandatory. Rizzo Pool Co. v. DelGrosso, 232 Conn. 666, 680, 657 A.2d 1087 (1995). The HIA is remedial in nature and must be construed liberally in favor of its intended beneficiaries — the public. Id., 678. A home CT Page 7765 improvement contract which violates the HIA is not enforceable against the homeowner absent a showing of bad faith. WadiaEnterprises, Inc. v. Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506
(1992).
The contract between Pires and the Kovaks was entered into on May 25, 1996. Pires commenced providing services and materials on June 4, 1996. At both the time the contract was entered into, and the time performance began, Pires did not have a current home improvement contractor's registration. Although Pires asserts that he was not informed that his registration expired or was not continually effective from 12/1/95, the date the previous registration expired, the fact is his registration did expire.
In his affidavit in opposition to the motion, Pires admits that his registration was valid through December 1, 1995, and that he forwarded his request for continued registration along with the fee "on or about December 20, 1995." Pires, therefore, admits that his registration had lapsed by the time he submitted the registration request and fee. The primary purpose of the HIA is to protect consumers from unscrupulous contractors. State v.Poirer, 19 Conn. App. 1, 4, 559 A.2d 1193 (1989). The burden of compliance is on the contractor. Pires is responsible for verifying his registration status, particularly in this case where he knew that he submitted his registration request and feeafter his previous registration had expired. While Pires may not have been notified that his registration was not effective continually from 12/1/95, he does not claim that he was notified that his registration was continually effective. Pires made the assumption that he was so registered at his own peril. There is no exception in the HIA for the subjective beliefs of the contractor.
For the foregoing reasons, this court finds that there is no genuine issue of material fact regarding Pires' registration status. Pires was not a registered home improvement contractor as required by § 20-429 (a)(8). Because the court finds that Pires violated the HIA registration requirements, the court will not address the defendants' arguments that Pires also violated the HIA's cancellation notice requirements. Pires' violation of the HIA precludes the recovery sought and the court grants the defendants' motion for summary judgment on Pires' complaint.
Failure to comply with the HIA is a per se violation of CUTPA. Woronecki v. Trappe, 228 Conn. 574, 579, 637 A.2d 783
CT Page 7766 (1994); A. Secondino Son, Inc. v. LoRicco, 215 Conn. 336, 343,576 A.2d 464 (1990). The defendants' motion for summary judgment on the issue of liability only on the third count of their counterclaim is also granted.
RODRIGUEZ, J.