MARLENE SCRIVANI ET AL. *v.* ANDREW
VALLOMBROSO
(AC 26315)

DiPentima, Harper and Hennessy, Js.

Argued October 24, 2006—officially released February 20, 2007

*Campbell D. Barrett,* with whom were *Janis K. Malec,* and, on the brief, *C. Michael Budlong* and *Kevin W. Hadfield,* certified legal intern, for the appellant (defendant).

*Bradley K. Cooney,* for the appellees (plaintiffs).

*Opinion*

DiPENTIMA, J. The defendant, Andrew Vallombroso,[1] appeals from the judgment of the trial court awarding attorney's fees and punitive damages to the

---

[1] The complaint named "Andrew Vallombroso, d/b/a Madison Painting & Remodeling," as the defendant. We note that "the use of a fictitious or assumed business name does not create a separate legal entity . . . [and that] [t]he designation [d/b/a] . . . is merely descriptive of the person or corporation who does business under some other name." (Internal quotation marks omitted.) *Bauer* v. *Pounds,* 61 Conn. App. 29, 36, 762 A.2d 499 (2000).

plaintiffs, Marlene Scrivani and Dina Garamella, under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.[2] The defendant raises the following two issues on appeal: (1) did the court improperly conclude that the plaintiffs were entitled to recover under CUTPA on the basis of the defendant's violations of the Home Improvement Act, General Statutes § 20-418 et seq., that were unrelated to damages; and (2) did the court improperly conclude that the defendant's conduct was sufficiently unfair and deceptive to warrant a violation of CUTPA. We are not persuaded by the defendant's second claim. With respect to his first claim, however, we deem it necessary for the proper disposition of this case, to remand it for a further articulation of certain bases of the court's factual findings. See Practice Book § 60-5.

The following facts and procedural history, as set forth by the court in its memorandum of decision filed January 18, 2005, are relevant to the defendant's appeal. The plaintiffs hired the defendant to replace the exterior siding of their home, to perform work in their kitchen and to perform other related work in their sunroom. The plaintiffs brought a claim sounding in breach of contract and negligence against the defendant, claiming that he failed to perform and complete the work that he was hired to do at the plaintiffs' home in a proper manner. In addition, the plaintiffs alleged that the defendant violated CUTPA because (1) the contracts he presented did not comply with the Home Improvement Act, and (2) the defendant engaged in numerous instances of unfair and deceptive conduct. The court found in favor of the plaintiffs on all counts and awarded them compensatory damages in the amount of $16,309, $4557.34

[2] General Statutes § 42-110b (a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

in interest, $5000 in punitive damages and $33,287.50 in attorney's fees. This appeal followed.

We begin by setting forth the applicable standard of review. "To the extent that the defendant is challenging the trial court's interpretation of CUTPA, our review is plenary. . . . [W]e review the trial court's factual findings under a clearly erroneous standard. . . . Appellate courts do not examine the record to determine whether the trier of fact could have reached a different conclusion. Instead, we examine the trial court's conclusion in order to determine whether it was legally correct and factually supported. . . . As to the damages awarded to the plaintiff, [t]he trial court has broad discretion in determining whether damages are appropriate. . . . Its decision will not be disturbed on appeal absent a clear abuse of discretion." (Citation omitted; internal quotation marks omitted.) *Votto* v. *American Car Rental, Inc.*, 273 Conn. 478, 483–84, 871 A.2d 981 (2005); *Updike, Kelly & Spellacy, P.C.* v. *Beckett*, 269 Conn. 613, 656, 850 A.2d 145 (2004); see also *Elm City Cheese Co.* v. *Federico*, 251 Conn. 59, 90, 752 A.2d 1037 (1999) (applying abuse of discretion standard to punitive damages award).

I

We first address the defendant's claim that the court improperly concluded that his conduct was sufficiently unfair and deceptive to warrant a violation of CUTPA. We are not persuaded.

Our analysis of this claim requires us to review the court's factual findings, which we will do using the clearly erroneous standard. *Votto* v. *American Car Rental, Inc.*, supra, 273 Conn. 483. In determining whether a practice violates CUTPA, we are guided by the criteria set out in the Federal Trade Commission's so-called cigarette rule: "(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—in

other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]." (Internal quotation marks omitted.) *Ventres* v. *Goodspeed Airport, LLC*, 275 Conn. 105, 155, 881 A.2d 937 (2005), cert. denied, 547 U.S. 1111, 126 S. Ct. 1913, 164 L. Ed. 2d 664 (2006). "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Id.

In its memorandum of decision, in addition to finding several per se violations of CUTPA due to the defendant's failure to comply with the Home Improvement Act with respect to all three of the projects performed at the plaintiffs' home, the court cited other bases for its finding that the defendant had violated CUTPA. For example, the court found that the defendant "falsely represented that he and the people who would install the CertainTeed siding were experienced and qualified in the installation of that product. The defendant knew that he was not experienced in the installation of CertainTeed [siding] and should have been aware that the man he hired also was not experienced or qualified. In addition, although the defendant was aware that his various contracts did not satisfy the Home Improvement Act, he pressured the plaintiffs for payment in full before he had completed work so as to preclude them from raising the Home Improvement Act in defense of any suit for payment that he might bring."

The defendant presents a litany of arguments in support of his claim that his conduct was not sufficiently deceptive or unfair to warrant a violation of CUTPA. The defendant essentially seeks to have this court retry

the facts of the case.[3] "Whether a practice is unfair and thus violates CUTPA is an issue of fact. . . . The facts found must be viewed within the context of the totality of circumstances which are uniquely available to the trial court." (Internal quotation marks omitted.) *De La Concha of Hartford, Inc.* v. *Aetna Life Ins. Co.*, 269 Conn. 424, 434, 849 A.2d 382 (2004). The defendant's claim is no more than an assertion that the court should have credited his evidence and found in his favor. Although this court is often asked to do so, it is not the role of this court to retry the case or to evaluate the credibility of the witnesses. See *MD Drilling & Blasting* v. *MLS Construction, LLC*, 93 Conn. App. 451, 457, 889 A.2d 850 (2006). It is well established that "[a] finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Forastiere* v. *Higbie*, 95 Conn. App. 652, 655–56, 897 A.2d 722, cert. denied, 280 Conn. 902, 907 A.2d 89 (2006). The record amply supports the court's finding of several CUTPA violations. Accordingly, we conclude that the court's findings are not clearly erroneous.

II

The defendant next claims that the court improperly concluded that he violated CUTPA on the basis of violations of the Home Improvement Act[4] that were unrelated to damages. Specifically, the defendant suggests

[3] The defendant contends that his lack of experience with the siding materials was not a deceptive or unfair practice, he did not intentionally provide inadequate contracts to prevent the plaintiffs' from asserting a defense to any action he might bring for payment and reiterates his assertion that the lack of any contract with respect to the work performed on the sunroom was not related to the plaintiffs' harm.

[4] General Statutes § 20-429 (a) provides in relevant part: "No home improvement contract shall be valid or enforceable against an owner unless it: (1) Is in writing, (2) is signed by the owner and the contractor, (3) contains

that the plaintiffs, in addition to establishing a per se violation of CUTPA, must show an ascertainable loss that *is related to the violation* in order to recover.

The defendant's challenge to the court's interpretation of CUTPA with respect to this claim requires plenary review. See *Votto* v. *American Car Rental, Inc.,* supra, 273 Conn. 483. CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b (a). In order to enforce this prohibition, CUTPA provides a private cause of action to "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a [prohibited] method, act or practice . . . ." General Statutes § 42-110g (a).

Our courts have interpreted § 42-110g (a) to allow recovery only when the party seeking to recover damages meets the following two requirements: "First, he must establish that the conduct at issue constitutes an unfair or deceptive trade practice. . . . Second, he must present evidence providing the court with a basis for a reasonable estimate of the damages suffered." (Citations omitted; internal quotation marks omitted.) *A. Secondino & Son, Inc.* v. *LoRicco*, 215 Conn. 336, 343, 576 A.2d 464 (1990); *Anderson* v. *Schoenhorn*, 89 Conn. App. 666, 675, 874 A.2d 798 (2005); *Kronberg Bros., Inc.* v. *Steele*, 72 Conn. App. 53, 60–61, 804 A.2d 239, cert. denied, 262 Conn. 912, 810 A.2d 277 (2002); *Jacques All Trades Corp.* v. *Brown*, 42 Conn. App. 124, 130, 679 A.2d 27 (1996), aff'd, 240 Conn. 654, 692 A.2d

the entire agreement between the owner and the contractor, (4) contains the date of the transaction, (5) contains the name and address of the contractor and the contractor's registration number, (6) contains a notice of the owner's cancellation rights in accordance with the provisions of chapter 740, (7) contains a starting date and completion date, and (8) is entered into by a registered salesman or registered contractor. . . ."

809 (1997). "Thus, in order to prevail in a CUTPA action, a plaintiff must establish both that the defendant has engaged in a prohibited act *and* that, 'as a result of' this act, the plaintiff suffered an injury. The language 'as a result of' requires a showing that the prohibited act was the proximate cause of a harm to the plaintiff." (Emphasis in original.) *Abrahams* v. *Young & Rubicam, Inc.*, 240 Conn. 300, 306, 692 A.2d 709 (1997); see also *McCann Real Equities Series XXII, LLC* v. *David McDermott Chevrolet, Inc.*, 93 Conn. App. 486, 520, 890 A.2d 140, cert. denied, 277 Conn. 928, 895 A.2d 798 (2006).

Our Supreme Court has stated on several occasions that under the first requirement, the failure to comply with the Home Improvement Act "is a per se violation of CUTPA by virtue of General Statutes § 20-427 (b), which provides that any violation of the Home Improvement Act is deemed to be an unfair or deceptive trade practice." *A. Secondino & Son, Inc.* v. *LoRicco*, supra, 215 Conn. 343; see also *Woronecki* v. *Trappe*, 228 Conn. 574, 579, 637 A.2d 783 (1994); see *Jacques All Trades Corp.* v. *Brown*, supra, 42 Conn. App. 130.

The defendant does not dispute that a Home Improvement Act violation would meet the first threshold requirement or that there was an ascertainable loss.[5]

---

[5] The defendant claims that the Home Improvement Act is "primarily a shield statute" that provides a defense to homeowners but not a private cause of action. The defendant cites several Superior Court decisions that have interpreted the language of General Statutes § 20-418 et seq. to establish a restriction on a contractor's remedies, thereby construing the statute as a shield for the homeowner, rather than a sword. That argument warrants little discussion in light of more recent Supreme Court precedent that clearly provides otherwise. See *Macomber* v. *Travelers Property & Casualty Corp.*, 261 Conn. 620, 645 & n.14, 804 A.2d 180 (2002) (CUTPA used as vehicle through which to bring claim alleging unfair trade practices by virtue of violation of another statute, regardless of whether underlying statute conveyed private right of action that could stand alone). It is possible to use CUTPA as a vehicle through which to bring a claim, regardless of whether the Home Improvement Act provided a private right of action that could stand alone. See, e.g., *Eder Bros., Inc.* v. *Wine Merchants of Connecticut,*

Rather, the defendant contends that the court misinterpreted CUTPA by failing to consider as part of the second requirement whether the violation was the proximate cause of the plaintiffs' harm. The plaintiffs respond by arguing that a violation of the Home Improvement Act entitles them to CUTPA recovery.

We do not read our law to dispense with the second requirement once a violation of the Home Improvement Act is established.[6] In *A. Secondino & Son, Inc.* v. *LoRicco*, supra, 215 Conn. 336, after determining that the first threshold test was met with a violation of the Home Improvement Act, our Supreme Court then went on to determine whether the second threshold test could be met. Because the plaintiff in that case had not submitted any claim for damages, it could not recover under CUTPA. Id., 344.

In a subsequent decision, *Woronecki* v. *Trappe*, supra, 228 Conn. 574, our Supreme Court reversed the trial court's ruling that denied recovery under a CUTPA claim that was based on Home Improvement Act violations. The court concluded that in light of *A. Secondino & Son, Inc.* v. *LoRicco*, supra, 215 Conn. 343, the defendant should have prevailed on his CUTPA counterclaim because a violation of the Home Improvement Act is a "per se" violation of CUTPA. Although

*Inc.*, 275 Conn. 363, 381, 880 A.2d 138 (2005) ("violation of another statute can serve as the basis for a CUTPA claim").

[6] Taken out of context, the language used by our Supreme Court in cases in which it addressed a CUTPA claim involving a violation of the Home Improvement Act could be interpreted to imply that because a violation of the Home Improvement Act is a "per se" violation of CUTPA, there is no need to determine whether the violation was the proximate cause of the plaintiffs' harm. A closer look at the facts and circumstances of those cases, however, in conjunction with the plain language of both CUTPA and the Home Improvement Act, belies that interpretation. See *Woronecki* v. *Trappe*, supra, 228 Conn. 579; *A. Secondino & Son, Inc.* v. *LoRicco*, supra, 215 Conn. 336; *Meadows* v. *Higgins*, 49 Conn. App. 286, 296, 714 A.2d 51 (1998), rev'd on other grounds, 249 Conn. 155, 733 A.2d 172 (1999); *Jacques All Trades Corp.* v. *Brown*, supra, 42 Conn. App. 132.

the court concluded that a Home Improvement Act violation was a per se violation of CUTPA, it remanded the case to the trial court for a determination of damages. *Woronecki* v. *Trappe*, supra, 581–82; see also *Meadows* v. *Higgins*, 49 Conn. App. 286, 296, 714 A.2d 51 (1998) (case remanded "to allow the trial court the opportunity properly to exercise its discretion regarding the award of damages and attorney's fees"), rev'd on other grounds, 249 Conn. 155, 733 A.2d 172 (1999); *Jacques All Trades Corp.* v. *Brown*, supra, 42 Conn. App. 132 (case remanded to trial court to determine, inter alia, whether damages should be awarded). As stated previously, "[t]o recover damages under CUTPA . . . the defendant must prove more than a violation of the statute." *MacMillan* v. *Higgins*, 76 Conn. App. 261, 279, 822 A.2d 246, cert. denied, 264 Conn. 907, 826 A.2d 177 (2003); see also *Reader* v. *Cassarino*, 51 Conn. App. 292, 299, 721 A.2d 911 (1998); General Statutes § 42-110g.

Upon review of the record, we cannot discern whether the court properly interpreted CUTPA as applied to the facts of this case. Although the court concluded that the Home Improvement Act violations were per se CUTPA violations, it is unclear whether it then determined if the Home Improvement Act violations, in conjunction with the other CUTPA violations, were the proximate cause of the plaintiffs' loss. Therefore, we deem it necessary for the proper disposition of this case to remand it for further articulation. See Practice Book § 60-5.[7] We direct the court to articulate whether in awarding attorney's fees and punitive damages under CUTPA, it considered the per se CUTPA

[7] Practice Book § 60-5 provides in relevant part that "[i]f the court deems it necessary to the proper disposition of the cause, it may remand the case for a further articulation of the basis of the trial court's factual findings or decision. . . ." We note that the defendant filed a motion for permission to file a late motion for articulation. That motion was denied by this court.

violations on the basis of violations of the Home Improvement Act, in conjunction with the other CUTPA violations, and if so, to articulate the basis for its finding that the defendant's failure to comply with the Home Improvement Act contributed to the plaintiffs' harm.

The case is remanded with direction to articulate whether in awarding attorney's fees and punitive damages under CUTPA, the court considered the per se CUTPA violations based on violations of the Home Improvement Act, in conjunction with the other CUTPA violations, and if so, to articulate the basis for its finding that the defendant's failure to comply with the Home Improvement Act contributed to the plaintiffs' harm. We retain jurisdiction over the appeal.

In this opinion the other judges concurred.