MARLENE SCRIVANI ET AL. *v.* ANDREW
VALLOMBROSO
(AC 26315)

DiPentima, Harper and Hennessy, Js.

Submitted May 14—officially released July 24, 2007

*Campbell D. Barrett,* with whom were *Janis K. Malec,* and, on the brief, *C. Michael Budlong* and *Kevin W. Hadfield,* certified legal intern, for the appellant (defendant).

*Bradley K. Cooney,* for the appellees (plaintiffs).

*Opinion*

PER CURIAM. On October 24, 2006, this court heard oral argument and thereafter issued an opinion setting forth the relevant facts, procedural history and applicable law in this case. See *Scrivani* v. *Vallombroso,* 99 Conn. App. 645, 916 A.2d 827, cert. denied, 282 Conn. 904, 920 A.2d 309 (2007). In that opinion, we remanded the case for an articulation as to whether in awarding attorney's fees and punitive damages under the Connecticut Unfair Trade Practices Act (CUTPA), General

Statutes § 42-110a et seq.,[1] the court considered the per se CUTPA violations that were based on violations of the Home Improvement Act, General Statutes § 20-418 et seq., in conjunction with the other CUTPA violations and, if it did, for the court to articulate the basis for its finding that the failure of the defendant, Andrew Vallombroso, to comply with the Home Improvement Act contributed to the harm sustained by the plaintiffs, Marlene Scrivani and Dina Garamella. We retained jurisdiction over the appeal.[2]

The court filed its articulation on April 20, 2007. In its articulation, the court stated that it did not consider the defendant's failure to comply with the Home Improvement Act as a basis for awarding punitive damages and attorney's fees, as those per se CUTPA violations were not the proximate cause of the plaintiffs' harm. As further stated in its articulation, the court based its award of damages on the other CUTPA violations, which included the defendant's having engaged in "deceptive, unethical and unfair conduct . . . when he falsely represented to the plaintiffs that he and the people he would hire to install the CertainTeed siding were experienced in the installation of that product," as the defendant "knew that he was not experienced in the installation of that type of siding, and he was aware or should have been aware that the man he hired also was not experienced or qualified." On the basis of those findings, the court determined that the plaintiffs suffered financial losses in connection with the installation of the siding and were entitled to punitive damages and attorney's fees.

[1] General Statutes § 42-110b (a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

[2] The defendant also claimed that the court improperly concluded that his conduct was sufficiently unfair and deceptive to constitute a violation of CUTPA. We affirmed that portion of the court's judgment. *Scrivani* v. *Vallombroso*, supra, 99 Conn. App. 648–50.

Because the court did not base its award of punitive damages and attorney's fees on the per se CUTPA violations that were based on violations of the Home Improvement Act, we conclude that the court did not improperly determine that the defendant violated CUTPA on the basis of violations of the Home Improvement Act that were unrelated to damages.

The judgment as clarified by the trial court's articulation filed on April 20, 2007, is affirmed.