STEPHEN CLINCH *v.* GENERALI-U.S. BRANCH
(SC 18256)

Rogers, C. J., and Norcott, Katz, Palmer, Vertefeuille, Zarella and
McLachlan, Js.

Argued September 23—officially released October 20, 2009

*John T. Scully,* with whom was *Patrick J. Flaherty,* for the appellant (plaintiff).

*Michael D. Chefitz,* pro hac vice, with whom were *Dawn M. Neborsky* and, on the brief, *Michael J. Smith,* for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Stephen Clinch, brought the action underlying this appeal against the defendant, Generali-U.S. Branch, alleging that, pursuant to General Statutes § 38a-321,[1] he was entitled to recover from

---

[1] General Statutes § 38a-321 provides: "Each insurance company which issues a policy to any person, firm or corporation, insuring against loss or damage on account of the bodily injury or death by accident of any person, or damage to the property of any person, for which loss or damage such person, firm or corporation is legally responsible, shall, whenever a loss occurs under such policy, become absolutely liable, and the payment of such loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, damage or death occasioned by such casualty. No such contract of insurance shall be cancelled or annulled by any agreement between the insurance company and the assured after the assured

the defendant a judgment for damages that had been rendered against the defendant's insured. The trial court rendered summary judgment in favor of the defendant, and the plaintiff appealed from that judgment to the Appellate Court, which affirmed the judgment of the trial court. See *Clinch* v. *Generali-U.S. Branch*, 110 Conn. App. 29, 40, 954 A.2d 223 (2008). We granted the plaintiff's petition for certification to appeal limited to the following issue: "Did the Appellate Court correctly decide that the defendant insurer had no duty to defend any of the plaintiff's allegations of negligence?" *Clinch* v. *Generali-U.S. Branch*, 289 Conn. 942, 959 A.2d 1006 (2008). We affirm the judgment of the Appellate Court.

The Appellate Court's opinion sets forth the following facts and procedural history. "On or about September 20, 1997, the plaintiff was a customer and business invitee of America's Cup Restaurant in Middletown. While at the restaurant, three men, who were under the influence of alcohol, confronted the plaintiff. During the confrontation, one of the men struck and hit the plaintiff. After this altercation, the plaintiff and the three men were ejected from the restaurant into its parking area where the altercation continued. The plaintiff was struck in the back of his head, causing him to fall, strike the ground and suffer further injuries. On July 9, 1999, the plaintiff commenced a lawsuit against Waterfront Restaurants, Inc., Southern Ties, Inc., and Harbor Park

has become responsible for such loss or damage, and any such cancellation or annulment shall be void. Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death or damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment is not satisfied within thirty days after the date when it was rendered, such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment."

Associates Limited Partnership, all doing business as America's Cup Restaurant (insured), as well as Uokuni Connecticut, Inc., Ventry, Inc., John O'Callahan, Richard Vasile and Frank Gionfriddo. The plaintiff's complaint alleged negligence in the first count and claims of wilful, wanton and reckless conduct in the second count. On March 26, 2003, the court rendered judgment in that case in favor of the plaintiff against the insured and . . . Gionfriddo, an employee of the insured, in the amount of $320,609.85 plus costs in the amount of $674.70.

"At the time of the incident, the insured carried a general liability insurance policy and a liquor liability insurance policy issued by the defendant. Both of those policies contained exclusion provisions for assault and battery. The defendant did not provide a defense to the insured in the original lawsuit.

"The plaintiff brought the present action against the defendant for the defendant's refusal to defend its insured. In his complaint, the plaintiff claimed that because the judgment had not been satisfied within thirty days after it was rendered, pursuant to . . . § 38a-321, he, as a judgment creditor, became subrogated to all the rights of the defendant's insured. The plaintiff claimed that he therefore had a right of action against the defendant to recover the judgment rendered against the defendant's insured, including costs and statutory interest due thereon pursuant to General Statutes § 37-3b.

"On February 7, 2006, the plaintiff filed a motion for summary judgment. On April 25, 2006, the defendant filed a cross motion for summary judgment. The motions addressed the issue of the defendant's duty to defend the insured as to both counts in the underlying action. The court held a hearing on the motions on January 29, 2007, and issued a memorandum of decision

filed January 31, 2007, in which the court denied both motions for summary judgment with regard to the first count in the underlying action alleging negligence and granted the defendant's cross motion for summary judgment as to the second count alleging wilful, reckless and wanton conduct. Both parties moved for reconsideration, and the defendant moved for reargument. A hearing was held on March 21, 2007, during which the court ordered the parties to brief the issue of whether an assault must be intentional. On April 17, 2007, the court rendered summary judgment in favor of the defendant as to the first count." *Clinch* v. *Generali-U.S. Branch*, supra, 110 Conn. App. 31–33.

The plaintiff appealed from that judgment to the Appellate Court, claiming that the trial court had improperly determined that the defendant did not have a duty to defend when it was possible that conduct alleged by the plaintiff in the underlying complaint against the insured was covered by the policy. Id., 33; see also *Community Action for Greater Middlesex County, Inc.* v. *American Alliance Ins. Co.*, 254 Conn. 387, 399, 757 A.2d 1074 (2000) ("[i]f an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured" [internal quotation marks omitted]). The Appellate Court rejected this claim and affirmed the judgment of the trial court. *Clinch* v. *Generali-U.S. Branch*, supra, 110 Conn. App. 40. This certified appeal followed.

Our examination of the record and briefs and our consideration of the arguments of the parties persuade us that the judgment of the Appellate Court should be affirmed on the certified issue. See id., 33–40. That issue was resolved properly in the Appellate Court's concise and well reasoned opinion. Because that opinion fully addresses all arguments raised in this appeal, we adopt it as a proper statement of the issue and the applicable law concerning that issue. It would serve no useful

purpose for us to repeat the discussion contained therein. See *Miller's Pond Co., LLC* v. *Rocque*, 263 Conn. 692, 697, 822 A.2d 238 (2003).

The judgment of the Appellate Court is affirmed.