JERROLD M. METCOFF ET AL. *v.* NCT
GROUP, INC., ET AL.
(AC 33228)

Lavine, Sheldon and Peters, Js.

Argued May 24—officially released August 21, 2012

*Michael J. Parrella, Sr.*, pro se, the appellant (defendant).

*Michael P. Berman*, with whom was *Suzanne LaPlante*, for the appellees (plaintiffs).

PER CURIAM. In this action arising from a corporate merger, the defendant Michael J. Parrella, Sr.,[1] appeals from the judgment of the trial court, rendered after a jury trial, in which the jury awarded damages to the plaintiffs, Jerrold M. Metcoff and David B. Wilson, for losses they sustained as a result of misrepresentations made to them by the defendant in and at the time of the merger agreement. On appeal, the defendant challenges the court's denial of his motion to set aside the jury's verdict and the court's own subsequent awards of attorney's fees and punitive damages based upon certain of the jury's findings. We affirm the judgment of the trial court.

The plaintiffs were the principals and majority stockholders of Midcore Software Inc. (Midcore Software), a company that developed and marketed certain computer software called Midpoint. The defendant was the chief executive officer and chairman of NCT Group, Inc. (NCT Group), and its two subsidiaries, NCT Midcore, Inc. (NCT Midcore), and Artera Group, Inc. (Artera). On August 29, 2000, the plaintiffs and the defendant executed an agreement providing for the merger of Midcore Software into NCT Midcore. Pursuant to the terms of the agreement, which were negotiated by Wilson and the defendant, the plaintiffs were to receive shares of NCT Group stock and royalties generated by NCT Group from the postmerger sale of Midcore products.

The plaintiffs filed this action, claiming that they never received the stock or royalties promised to them by the defendant in the merger agreement and in the

---

[1] NCT Group, Inc., Midcore Software, Inc., Artera Group, Inc., Carole Salkind and Morton Salkind are also defendants in this action. Because they are not parties to this appeal, we refer to Parrella as the defendant.

defendant's false representations to them. The defendant filed an answer and special defenses, asserting, inter alia, that the plaintiffs' claims were barred by the statute of limitations. Following a trial, the jury found that the defendant had made negligent misrepresentations to the plaintiffs both as to the availability of NCT Group stock and as to NCT Group's ability to issue the stock to them, as required under the merger agreement. On that claim, the jury awarded damages to Metcoff in the amount of $559,982 and to Wilson in the amount of $496,318. The jury also found that the defendant had intentionally misrepresented to the plaintiffs that, after the merger, NCT Midcore would operate in the same manner as Midcore Software, and thus would continue the business of Midcore Software. On that claim, the jury awarded damages to Metcoff in the amount of $113,855 and to Wilson in the amount of $143,434. Finally, the jury found that by making intentional misrepresentations to the plaintiffs concerning the continuation of Midcore Software business after the merger, the defendant violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.[2] As a result of that finding, the jury determined that the plaintiffs should recover punitive damages and attorney's fees in an amount to be determined by the court.

On April 30, 2010, the defendant filed a "motion to set aside [the] verdict and for judgment notwithstanding

[2] The plaintiffs also alleged that the defendant made intentional misrepresentations about the availability of NCT Group stock and NCT Group's ability to issue the stock to the plaintiffs as required under the agreement; that he made negligent misrepresentations that after the merger, NCT Midcore would operate in the same manner as Midcore Software and would continue the business of Midcore Software; and that the defendant, acting in his capacity as the chief executive officer and chairman of Artera, tortiously interfered with the plaintiffs' right to receive royalties under the merger agreement and conspired to defraud the plaintiffs from receiving the royalties that they were entitled to under the merger agreement. The jury returned a verdict in favor of the defendant on all of these claims.

[the] verdict and to reduce excessive damage awards" (motion to set aside). As grounds for his motion, the defendant claimed that "no reasonable jury could interpret Sections 5 and 9 (b) of the [m]erger [a]greement as [the] plaintiffs alleged, nor fail to find the action not barred by the statute of limitations, nor award the damages set forth in the verdict as a matter of law; no reasonable jury, on the evidence submitted at trial, could have found that [the] plaintiff[s] met their burden of proof on any element of negligent misrepresentation . . . any element of fraud . . . any element of CUTPA . . . or the damages awarded under [those claims]; no reasonable jury could have found, on the evidence submitted at trial, that the action was not barred by the three (3) year statute of limitations in [General Statutes] § 52-577, or that [the] [p]laintiffs met their burden of proof of fraudulent concealment or continuous course of conduct to toll said limitations." The defendant further claimed in his motion to set aside that, "[t]he jury appears to have disregarded the [c]ourt's instructions on the law and rendered verdicts based on speculation and conjecture for claims not alleged in the [c]omplaint as instructed by the [c]ourt." On August 10, 2010, the court summarily denied the defendant's motion to set aside and rendered judgment on the jury's verdict. The defendant did not ask the trial court to articulate the basis for its denial of his motion to set aside.[3]

After a separate posttrial hearing, the court issued a memorandum of decision as to the plaintiffs' claims for attorney's fees, costs and punitive damages. On the plaintiffs' CUTPA claims, the court awarded attorney's fees of $540,000, $270,000 for each plaintiff, and punitive damages of $257,289, $128,644.50 for each plaintiff. In addition, the court awarded common-law punitive damages to the plaintiffs in the amount of $17,089, $8544.50 for each plaintiff. This appeal followed.

---

[3] The defendant made an oral request for articulation at oral argument before this court, which was denied.

The defendant first challenges on appeal the denial of his motion to set aside.[4] "The standard of review governing our review of a trial court's denial of a motion to set aside the verdict is well settled. The trial court possesses inherent power to set aside a jury verdict [that], in the court's opinion, is against the law or the evidence. . . . [The trial court] should not set aside a verdict [when] it is apparent that there was some evidence [on] which the jury might reasonably reach [its] conclusion, and should not refuse to set it aside [when] the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles. . . . Ultimately, [t]he decision to set aside a verdict entails the exercise of a broad legal discretion . . . that, in the absence of clear abuse, we shall not disturb." (Internal quotation marks omitted.) *Costanzo* v. *Gray*, 112 Conn. App. 614, 625–26, 963 A.2d 1039, cert. denied,

[4] The defendant also claims that the court improperly denied his request to instruct the jury on the business judgment rule. The defendant did not assert a defense under the business judgment rule until just a few days prior to the commencement of trial when he sought to amend his answer and special defenses to so include such a claim. Due to the untimeliness of the defendant's request for leave to amend, the court denied it. The defendant has not challenged on appeal the court's denial of his request to amend. Because the business judgment rule was not in the case, the court properly refused to instruct the jury on the business judgment rule.

We also note that the defendant's brief of this claim consists simply of one sentence in which he alleges that "[t]he judge should have instructed the jury on the business judgment rule," followed by two citations to case law. In similar fashion, the defendant also claims that, "[t]he damages awarded were excessive under Connecticut law because there was no evidentiary basis in the record for those awards as discussed above." Following that bald assertion, the defendant refers to what presumably purports to be the name of a case that might support his position. The name of the case is unaccompanied by any citation indicating the jurisdiction in which or the date on which it was decided. It is axiomatic that "[a]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Paoletta* v. *Anchor Reef Club at Branford, LLC*, 123 Conn. App. 402, 406, 1 A.3d 1238, cert. denied, 298 Conn. 931, 5 A.3d 491 (2010).

291 Conn. 905, 967 A.2d 1220 (2009). "[T]he trial court is uniquely situated to entertain a motion to set aside a verdict as against the weight of the evidence because, unlike an appellate court, the trial [court] has had the same opportunity as the jury to view the witnesses, to assess their credibility and to determine the weight that should be given to their evidence. . . . [T]he trial judge can gauge the tenor of the trial, as we, on the written record cannot, and can detect those factors, if any, that could improperly have influenced the jury." (Internal quotation marks omitted.) *State* v. *Scott C.*, 120 Conn. App. 26, 38, 990 A.2d 1252, cert. denied, 297 Conn. 913, 995 A.2d 956 (2010).

We have reviewed the defendant's claims of error regarding the jury's verdict, which essentially mirror the claims raised in his motion to set aside, and conclude that, in light of the evidence presented at trial, the jury reasonably could have found as it did on all issues presented to it for decision. Moreover, the defendant did not ask the trial court to articulate the factual and legal bases underlying its summary denial of his motion to set aside. "It is well established that [i]t is the appellant's burden to provide an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record [when] the trial court has failed to state the basis of a decision . . . to clarify the legal basis of a ruling . . . or to ask the trial judge to rule on an overlooked matter." (Internal quotation marks omitted.) *Mickey* v. *Mickey*, 292 Conn. 597, 609, 974 A.2d 641 (2009). On the basis of the record before us, we cannot conclude that the trial court abused its discretion in denying the defendant's motion to set aside.

The defendant also challenges the court's award of common-law punitive damages and attorney's fees and punitive damages pursuant to CUTPA. "[A]warding punitive damages and attorney's fees under CUTPA is

discretionary . . . and the exercise of such discretion will not ordinarily be interfered with on appeal unless the abuse is manifest or injustice appears to have been done." (Internal quotation marks omitted.) *Votto* v. *American Car Rental, Inc.*, 273 Conn. 478, 486, 871 A.2d 981 (2005).

We have examined the record on appeal and considered the briefs and the arguments of the parties and conclude that the trial court did not abuse its discretion in awarding attorney's fees and punitive damages to the plaintiffs and, thus, that the judgment of the trial court should be affirmed. The trial court issued thorough and well reasoned decisions regarding the factual and legal bases for its award of attorney's fees and punitive damages. Because those decisions fully address the defendant's claims with respect to those awards, we adopt them as a statement of the issue and the applicable law concerning that issue. See *Metcoff* v. *NCT Group, Inc.*, 52 Conn. Sup. 363, 50 A.3d 1004 (2011); *Metcoff* v. *NCT Group, Inc.*, 52 Conn. Sup. 388 (2011). It would serve no useful purpose for us to repeat the discussion contained therein. See, e.g., *Clinch* v. *Generali-U.S. Branch*, 293 Conn. 774, 777–78, 980 A.2d 313 (2009).

The judgment is affirmed.